IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF AMADOR, CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY JEWELL, Secretary of the United States Department of the Interior; KEVIN WASHBURN, Assistant Secretary of Indian Affairs, United States Department of Interior,<br><br>Defendants. | CASE NO. 2:12-cv-01710-TLN-CKD<br><br>**PROTECTIVE ORDER GOVERNING INCLUSION OF PRIVILEGED DOCUMENTS IN THE ADMINISTRATIVE RECORD**<br><br>Hon. Troy L. Nunley |

Proposed Protective Order Governing Inclusion of Privileged Documents in AR
Case No. 2:12-cv-01710-TLN-CKD

This matter is before the Court on the "Parties' Stipulation for Dismissal of FOIA Claims and for Protective Order Governing Release of Privileged Documents," dismissing Cathy Christian's FOIA claim, which was allowed to be joined with Amador County's Administrative Procedure Act challenge by order of this Court on April 1, 2013, ECF No. 31. Pursuant to that Stipulation, Federal Defendants have agreed to include, un-redacted, five documents in the Administrative Record of the agency decision challenged by the County that the Federal Defendants contend are otherwise confidential and privileged. Upon consideration of the Parties' Stipulation and for good cause shown, it is hereby ORDERED that

1. The Stipulation for Dismissal is APPROVED and Count V (Injunctive Relief—FOIA) is dismissed with prejudice;

2. This Order, entered pursuant to Local Rule 141.1 and Federal Rule of Evidence 502, shall govern the scope of Federal Defendants' release of documents for inclusion in the Administrative Record being filed in this and related cases, which Federal Defendants contend are otherwise confidential and privileged, and the use of these documents by nonfederal parties in any other federal or state court or administrative proceeding beyond this lawsuit.

3. The documents governed by this Order, which the Federal Defendants contend are otherwise confidential and privileged, are: (1) the January 16, 2009 opinion authored by former Solicitor David Bernhardt, which opinion Federal Defendants contend was a draft opinion only; (2) the July 10, 2009 letter from then Acting General Counsel Penny Coleman to Solicitor Hilary Tompkins; (3) a draft legal opinion prepared by the National Indian Gaming Commission enclosed with such letter; (4) the July 26, 2011 legal memorandum authored by Solicitor Tompkins; and (5) the May 23, 2012 briefing memorandum from Bryan Newland, Senior Policy Advisor to the Acting Assistant Secretary—Indian Affairs, Donald Laverdure.

4. The above-referenced documents, or their contents, may not be used by any non-federal parties in any court or administrative proceeding, whether federal or state, for any purpose other than for litigating the merits of Plaintiff Amador County's APA lawsuit. The parties contemplate that a stipulated protective order similar to this one may allow use of the above-referenced documents or their contents by non-federal parties in the related case.

The release of these documents, which the Federal Defendants contend are otherwise confidential and privileged, does not establish a precedent for the release of confidential and privileged documents generally by the Department of the Interior or the National Indian Gaming Commission.

5. The Federal Defendants' inclusion of these documents in the Administrative Record shall not in any way be deemed a waiver of any privileges attaching to any subject matter beyond the documents themselves.

6. The County of Amador and Ms. Christian contest the Federal Defendants' characterization of the documents identified in paragraph (3) as privileged and confidential. This agreement and order constitute a settlement of contested FOIA claims and are not an admission by the County or Ms. Christian that the documents in question are privileged and confidential.

7. This Order is necessary, among other reasons, because of the importance of the attorney-client relationship between the Solicitor and the Secretary of the United States Department of the Interior, the privileged nature of the legal counsel provided by the former to the latter, the importance of protecting the Department of the Interior's ability to freely and candidly deliberate under the deliberative process privilege, and because of the dictate of Fed. R. Evid. 502(e) that an "agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."

8. This Order shall remain in full force after resolution of the case.

**IT IS SO ORDERED.**

DATED: April 29, 2013

Troy L. Nunley
United States District Judge