UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF AMADOR, CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES DEPARTMENT OF THE INTERIOR; S.M.R. JEWELL, Secretary of the United States Department of the Interior; KEVIN WASHBURN, Assistant Secretary of Indian Affairs, United States Department of Interior,<br><br>　　　　Defendants.<br><br>THE IONE BAND OF MIWOK INDIANS,<br><br>　　　　Intervenor Defendant. | No.  2:12-cv-01710-TLN-CKD<br><br>**AMENDED** PRETRIAL SCHEDULING ORDER |

　　　After reviewing the parties' Joint Status Report filed **on January 13, 2014**, the Court makes the following Pretrial Scheduling Order.

　　　I.　　SERVICE OF PROCESS

　　　All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

1

II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III.   JURISDICTION/VENUE

Jurisdiction is predicated upon **28 U.S.C. § 1331.** Jurisdiction and venue are not contested.

IV.   DISCOVERY

In agreeing that no need for additional discovery is indicated at this time, the parties appear to concede that judicial review of agency decisions is limited to the administrative record, unless a need to expand that record is demonstrated by the parties. See <u>Southwest Center for Biological Diversity v. U.S.</u>, 100 F.3d 1443, 1450 (9th Cir. 1996); see also 5 U.S.C. § 706. Consequently, the Court's review will be limited to the administrative record unless good cause is found for augmentation of that record. Plaintiffs shall file any motions objecting to the adequacy of the Administrative Record by **February 15, 2014.**

V.   MOTION HEARING SCHEDULE

The parties have agreed that cross-motions for summary judgment are appropriate for purposes of resolving this litigation. These motions will be governed by the following parameters:

1. Plaintiffs shall file their Motion for Summary Judgment no later than **May 1, 2014.**

2. Federal and Intervenor Defendants shall file their combined Opposition and Cross-Motion for Summary Judgment no later than **June 26, 2014.**

3.     Plaintiffs shall file their combined Opposition and Reply no later than **August 21, 2014.**

4.     Federal and Intervenor Defendants shall file their Reply no later than **October 2, 2014.**

5.     A brief statement of facts will be included in the parties' briefs.  No separate statement of facts is required.

6.     Each party's combined briefs shall not exceed a total of 70 pages.

7.     The moving party shall notice the motion and set a hearing date pursuant to Local Rule 230(b).

All purely legal issues are to be resolved by timely pretrial motions.  Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

VI.   TRIAL

Since the parties have informed the Court that they intend to adjudicate this matter by way of dispositive motions, therefore, no trial date has been scheduled.

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

3

VII. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

VIII. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within fourteen (14) days of service of this Order.

IT IS SO ORDERED.

Dated: January 23, 2014

_____
Troy L. Nunley
United States District Judge

4